IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**TIMOTHY HAMPTON,**

    **Petitioner,**

v.                                                      Case No. 1:22-cv-206-AW-MJF

**RICKY D. DIXON,**

    **Respondent.**

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Timothy Hampton initiated this § 2254 proceeding raising one claim: he contends the state trial court violated his Due Process rights by not granting a continuance of the sentencing proceeding so he could gather mitigation evidence. The magistrate judge issued a report and recommendation concluding dismissal is appropriate. ECF No. 20. I agree with the magistrate judge.

Hampton raised the same issue in his state appeal, and the state appellate court affirmed. Here, as the magistrate judge explains, Hampton has not shown that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). In his objection, Hampton says the state appellate decision is not entitled to deference because the DCA's *per curiam* affirmance without opinion was not a decision on the merits. That is not so. *See Harrington v. Richter*, 562 U.S. 86,

1

100 (2011). But even with a de novo review, the result would be the same: Hampton has not shown any constitutional violation.

Having considered the matter, and having considered de novo the issues raised in Hampton's objections (ECF No. 23), I now adopt the report and recommendation (ECF No. 20) and incorporate it into this order. The clerk will enter a judgment that says, "The § 2254 petition is denied." A certificate of appealability is DENIED.

The clerk will close the file.

SO ORDERED on May 30, 2023.

                                               s/ *Allen Winsor*
                                               United States District Judge